UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ASHLEY A. DYER,

                              DECISION & ORDER

                Plaintiff,

                              13-CV-6312P

       v.

CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

        Plaintiff Ashley A. Dyer ("Dyer") brought this action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Supplemental Security Income and Disability Insurance Benefits ("SSI/DIB"). Pursuant to 28 U.S.C. § 636(c), the parties consented to the disposition of this case by a United States magistrate judge. (Docket # 12). On March 31, 2015, this Court entered a judgment reversing the Commissioner's denial of SSI/DIB and remanding the case to the Commissioner pursuant to 42 U.S.C. § 405(g), sentence four, for further administrative proceedings. (Docket ## 18, 19).

        Currently before the Court is Dyer's motion for an award of attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (Docket # 20). The EAJA provides:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States

>   was substantially justified or that special circumstances make an
>   award unjust.

28 U.S.C. § 2412(d)(1)(A).

Dyer seeks an award of $7,428.20, consisting of 34.50 hours of attorney work at a rate of $195.60 an hour, for a total of $6,748.20, and 6.80 hours of paralegal time at $100.00 an hour, for a total of $680.00.  (Docket # 20-1 at ¶¶ 5, 6).  Dyer also seeks "reimbursement of costs of $14.43 for certified mail service of the summons and complaint."  (*Id.* at ¶ 8).  In requesting this award, Dyer concedes that her attorney, Howard Olinsky ("Olinsky"), did not keep contemporaneous time records prior to August 28, 2014.  (*Id.* at ¶ 10).  According to Olinsky, the only time that was recorded contemporaneously was 2.6 hours of attorney time and 3.3 hours of paralegal time, for a total of $838.56.[1]  (*Id.*).

In opposition, defendant does not contest Dyer's prevailing party status or the billing rates, but asserts that Dyer's motion should be denied to the extent she seeks to recover an award for services performed prior to August 28, 2014, when Dyer's counsel's firm began keeping contemporaneous time records.  (Docket # 21 at 4).  Several courts within this Circuit have denied attorney's fees to this firm for time billed prior to August 28, 2014, but have determined that time billed after that date at the same hourly rates as requested here is compensable because the firm kept contemporaneous time records after that date.  *See Casul v. Colvin*, 2016 WL 6072389, *1-2 (N.D.N.Y. 2016) ("the [c]ourt concludes that time billed for this case on and after August 28, 2014, is compensable"); *Williams v. Colvin*, 2015 WL 9275682, *1-2 (S.D.N.Y. 2015) (same); *Jones v. Colvin*, 2015 WL 6801830, *2-3 (W.D.N.Y. 2015) (same); *Durso v. Colvin*, 2015 WL 5684039, *2-3 (D. Conn. 2015) (same); *Melendez v. Colvin*,

---

[1] The government appears to suggest that Olinsky has not represented that the paralegal time recorded after August 28, 2014 was recorded contemporaneously.  (Docket # 21 at 4).  I interpret his submissions to represent that both attorney and paralegal time records were kept contemporaneously after August 28, 2014.  (*See* Docket ## 20 at ¶ 10; 23 at 1).

2015 WL 9659977, *2 (S.D.N.Y. 2015) (same), *report and recommendation adopted*, 2016 WL 79990 (S.D.N.Y. 2016); *Stroud v. Comm'r of Soc. Sec. Admin.*, 2015 WL 2114578, *5 (S.D.N.Y.) (same; awarding fees at hourly rate of $192.29), *report and recommendation adopted as modified*, 2015 WL 2137697 (S.D.N.Y. 2015).  Accordingly, I conclude that time billed for this case on and after August 28, 2014, is compensable.  The award includes 2.6 hours of attorney time and 3.3 hours of paralegal time, for a total of $838.56.  (Docket # 20 at ¶ 10).  I conclude that this amount is reasonable.  Finally, there was no objection to the request for costs of $14.43.  That request is therefore granted.

    For the reasons set forth above, Dyer's motion for attorney's fees (**Docket # 20**) is **GRANTED in PART and DENIED in PART**.  The Court determines that the fee award to Dyer's counsel under the EAJA should be as follows: (1) attorney's fees in the amount of $508.56 (2.6 hours at $195.60 per hour), (2) paralegal's fees in the amount of $330.00 (3.3 hours at $100 per hour), and (3) costs in the amount of $14.43, for a total award of $852.99.  The Commissioner is ordered to pay Dyer $852.99, subject to any outstanding federal debts, and to mail the award to Dyer's attorney within sixty (60) days of the date of entry of this Decision and Order.

**IT IS SO ORDERED.**

                       *s/Marian W. Payson*
                        MARIAN W. PAYSON
                        United States Magistrate Judge

Dated: Rochester, New York
    October 28, 2016